## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MANETIRONY CLERVRAIN,    )
    )
    **Plaintiff,**    )
    )
v.    )    **No. CIV-21-675-R**
    )
BRIAN BINGMAN, ET AL.,    )
    )
    **Defendants.**    )

## ORDER

On July 2, 2021, Mr. Clervrain filed a "MOTION FOR ["PROMPT NOTICES(S)"] OR ["THEIR EXPERTISE ACT"] ("TEA"), OR OPINION(s) BY THE NATIONAL ISSUES REGULATORY TREATIES ACT ("NIRTA")." (Doc. No. 1). He also filed a "MOTION FOR MITIGATING *FINANCIAL BURDEN* OR ("*IFP*") CONSTITUTIONAL ISSUES BY MASSIVE ISSUES ["*RIGHT AGGRAVATED*"] TREATMENT ACT." (Doc. No. 2). The Court will GRANT Plaintiff's Motion for Mitigating Financial Burden, which it construes as a motion for leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. The Court further finds that the Motion filed by Mr. Clervrain to initiate this action should be treated as a Complaint in that he structured it in such a manner, naming Defendants and including a prayer for relief. Finally, the Court finds that the Complaint is frivolous and fails to state a plausible claim for relief and therefore will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Although this is Mr. Clervain's first case in the Western District of Oklahoma, he is a prolific pro se litigator. As noted by the District Court of Wisconsin in November 2020,

Plaintiff has "filed more than 100 cases in federal court, most of which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted." *Clervrain v. Cuccinelli*, No. 20-cv-989-bbc, 2020 WL 6702003, at *1 (W.D. Wis. Nov. 13, 2020).[1] The Court has gleaned from Mr. Clervrain's motion and filings in his other cases that after pleading guilty to attempt and conspiracy to commit mail fraud, and after serving his sentence, the United States initiated proceedings to remove Mr. Clervrain from the country. *See Clervrain v. Barr*, No. 20-60168 (5th Cir. Mar. 4, 2020). For a period of time between his 2019 release by the Bureau of Prisons and early 2021, Mr. Clervrain was detained in Okmulgee, Oklahoma by Immigrations and Customs Enforcement. Following his release from ICE custody he relocated to Indiana. In the current action Plaintiff includes only a single Defendant in the caption of the case ,but utilizes the et al. designation and then lists more than fifty person or entities that could be construed as defendants, including governors and the secretaries of state for many states. The majority of those persons and entities are referenced only in the first paragraph, which alleges, in part, that "defendants who are acting under the color of their authority allegedly violations (sic) of the U.S (sic) constitution by their officials." (Doc. No. 1, p. 1). The Complaint is 261 pages, five of which are devoted to Plaintiff's "PRAYER FOR RELIEF(S)." (Doc. No. 1, pp. 254-258 Plaintiff

> Is praying these honorable courts to consider these motions for majority
> opinion, "vacatur of probation, and convictions, partial remanded the cases
> for further proceeding, or statutory damages as well as equitable reliefs, and
> for litigate without additional restrictions, or against control theory or for the

---

[1] For reasons that are unclear to the Court Mr. Clervrain asserts in the initiating document that he submitted the same to seventeen different federal courts, both district and appellate. (Doc. No. 1, pp. 259-61). Since June 1, 2021, he has initiated fourteen cases in federal district and appellate courts.

ratification of the ["Immigration and Nationality Act"] ("INA"); ["Freedom of Information Act"] ("FOIA"); ["Social Security Act"] (SSA); ["Criminal Justice Act"] ("CJA"); ["Internal Revenue Code"] ("IRC"); [("IRC"); ["Prisoner Litigation Reform Act"] ("PLRA"); ["Military Selective Services Act"] ("MSSA"); ["Voting Right Act"] (VRA); ["Judicial Conducts and Disability Act"] ("JCDA"); ["Crimes Victim Relief Act"] ("CVRA"), and the ["Higher Education Act"] ("HEA") . . . .

Doc. No. 1, p. 254.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). 28 U.S.C. § 1915(e)(2)(B) provides:

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . . the action or appeal is . . . frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."

A complaint is frivolous under § 1915 if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Further, to comply with pleading standards, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current motion, construed as a complaint, fails to meet these standards.

Here, as in most of Plaintiff's other litigation, his allegations consist largely of rambling run-on sentences that do not make allegations against any of the persons or entities identified as potential defendants. After reviewing all 261 pages, the Court fails to find a single discernible claim against any person or entity over which it would have jurisdiction, even granting Plaintiff's filing liberal construction as mandated by *Haines v Kerner*, 404 U.S. 519, 520 (1972). For example, Plaintiff requests that this Court review

or alter the judgments of other courts, however, this Court lacks any such authority. *See Green v. Citigroup, Inc.*, 68 F. App'x. 934, 936 (10th Cir. 2003).[2] The Northern District of Oklahoma correctly noted that the rule of liberal construction "does not require courts to sift through incomprehensible pleadings on the mere hope of discovering buried facts that might support a cognizable claim not even fairly alluded to in the pleading." *Clervrain v. Nejen*, 2020 WL 2104934, *2 (N.D.Okla. May 1, 2020). In light of the absence of any indication of a viable claim in the opening pleading, the Court finds dismissal appropriate.

Finally, the Court finds that granting leave to amend would be futile. Only two of the individual defendants named arguably have ties to Oklahoma, and there are no discernible claims actually directed to any of the Defendants. Although generally a "district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim," *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001), the court need not permit an opportunity to amend when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999) (citation omitted). The Court is confident that Plaintiff could not, based on the rambling statements contained in the pleading, craft a viable Complaint for relief. Accordingly, this case is hereby dismissed with prejudice. S*ee Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is

---

[2] To the extent Mr. Clervain is challenging a final order of removal the appropriate procedure is via a petition for review filed with the Court of Appeals for the appropriate circuit. *Nasrallah v. Barr*, 140 S.Ct. 1683, 1689-90 (2020).

appropriate where a complaint fails to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)"). Judgment shall be entered accordingly.

IT IS SO ORDERED this 12th day of July 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE